Anthony J. Ellrod (State Bar No. 136574)
*aje@manningllp.com*
Jenifer C. Wallis (State Bar No. 303343)
*jcw@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Plaintiffs GENERAL FINANCE GROUP, INC., MARC PEREZ, RONALD F. VALENTA, LARRY D. TASHJIAN as Trustee of the Tashjian Family Trust, WILLIAM H. QUIROS, as Trustee of the William H. Quiros Trust, TASHJIAN FAMILY LIMITED PARTNERSHIP, ANDREW HARDING, and MARK C. KEITH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GENERAL FINANCE GROUP, INC., a California corporation, MARC PEREZ, an individual, RONALD F. VALENTA, an individual, LARRY D. TASHJIAN as Trustee of the Tashjian Family Trust, WILLIAM H. QUIROS, as Trustee of the William H. Quiros Trust, TASHJIAN FAMILY LIMITED PARTNERSHIP, ANDREW HARDING, an individual, MARK C. KEITH, an individual.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, a national banking association, and UNITED SITE SERVICES, INC., a Delaware Corporation.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs GENERAL FINANCE GROUP, INC., a California corporation, MARC PEREZ, an individual, RONALD F. VALENTA, an individual, LARRY D. TASHJIAN as Trustee of the Tashjian Family Trust, WILLIAM H. QUIROS, as Trustee of the William H. Quiros Trust, TASHJIAN FAMILY LIMITED PARTNERSHIP, ANDREW HARDING, an individual, and MARK C. KEITH, an individual (collectively "Plaintiffs"), by and through their attorneys file this Complaint for Declaratory Judgment and allege and state as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

## PARTIES

2. Plaintiff GENERAL FINANCIAL GROUP, INC., ("GFG") is and at all times mentioned herein was, a corporation organized under the laws of the State of California, validly existing and in good standing with a principal place of business at 39 East Union Street, Pasadena, California.

3. Plaintiff MARC PEREZ ("Perez") is a resident of California, and at all times mentioned herein was a shareholder of S&S Portable Services, Inc., a Delaware corporation ("S&S").

4. Plaintiff RONALD F. VALENTA ("Valenta") is a resident of California, and at all times mentioned here was, a shareholder of S&S.

5. Plaintiff LARRY D. TASHJIAN ("Tashjian") is a resident of California and is at least one of the Trustees of the Tashjian Family Trust, and brings suit in his capacity as Trustee, and is and at all times mentioned herein, was a shareholder of S&S on behalf of the Tashjian Family Trust.

6. Plaintiff WILLIAM H. QUIROS ("Quiros") is a resident of California, is the Trustee of the William H. Quiros Trust, and is sued in his capacity as Trustee and is, and at all times mentioned herein, was a shareholder of S&S on behalf of the William H. Quiros Trust.

7. Plaintiff TASHJIAN FAMILY LIMITED PARTNERSHIP ("Tashjian Partnership") is a limited partnership with its principal location in Pasadena California and is, and at all times mentioned herein, was a shareholder of S&S.

8. Plaintiff ANDREW HARDING ("Harding") is a resident of California, and at all times mentioned herein was a shareholder of S&S.

9. Plaintiff MARK C. KEITH ("Keith") is a resident of California, and at all times mentioned herein, was a shareholder of S&S.

10. GFG was appointed by Plaintiffs to be Plaintiffs' Stockholder Representative to represent Plaintiffs for all purposes in connection with the Holdback funds (as described *infra*).

11. Defendant UNITED SITE SERVICES, INC. ("USS") is and at all times mentioned herein, was a Delaware corporation organized under the laws of the State of Delaware, with a principal place of business at 118 Flanders Road, Westborough, Massachusetts.

12. USS is a real party in interest as it has previously made claims to approximately $1,208,885.00 plus accrued interest held in an escrow account (the "Holdback Funds") established pursuant to an escrow agreement among GFG, USS and U.S. Bank National Association ("U.S. Bank") and has availed itself of this Court's jurisdiction in such a claim by bringing a Breach of Contract action against Plaintiffs in this court in Case No. 2:18-cv-03331-DPP-RAO.

13. Defendant U.S. Bank is a national banking association that served as Escrow Agent pursuant to the Escrow Agreement.

## JURISDICTION AND VENUE

14. Venue is proper in this Court because the written agreements that provide the basis for Plaintiffs' relief were at least partially entered into and performed in Los Angeles County, and because at least one of the defendant corporation's place of business is in Los Angeles County.

15. The relief sought herein is for a declaratory judgment that Plaintiffs are

1 entitled to all of the Holdback funds.

2     16. Further, diversity jurisdiction exists because Defendant USS is incorporated in Delaware and has its principal place of business in Massachusetts (*see* ¶ 11, and Plaintiffs consist of citizens of California and Delaware and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (*see* 28 U.S.C. § 1332(a)).

## RELATED CASES

    17. This case arises from a conflict that has already served as the basis for one previous action in this court: *United Site Services, Inc. v. Valenta, et al* Case No. 2:18-cv-03331-DDP-RAO (C.D. Cal.). That case was dismissed without prejudice on July 3, 2018.

    18. This case merely seeks declaratory judgment as to ownership of the Holdback funds and includes USS as a defendant only as a party in interest. Plaintiffs do not raise the issue of breach of contract herein.

## GENERAL ALLEGATIONS

    19. S&S was a business located in Los Angeles County, California that provided temporary fences and portable restroom facilities to business and construction sites. S&S was owned by shareholders Valenta, Tashjian as Trustee, Quiros as Trustee, Harding, Perez and Keith ("Shareholder Plaintiffs").

    20. On or about April 23, 2014, the shareholders of S&S and Defendant USS entered into a written agreement (entitled Stock Purchase and Sale Agreement for the Purchase of All Outstanding Shares of S&S Portable Services, Inc. ("Sale Agreement", Exhibit A)) under which USS purchased all outstanding shares of S&S stock from the S&S Shareholders.

    21. The Sales Agreement provided that the Gross Purchase Price was $33,000,000, which was to be deposited via wire transfer of immediately available funds, minus (i) any Debt Pay-Off Amounts, (ii) the Assumed Debt, and (iii) the Holdback Funds as deposited with the Escrow Agent.

22. Section 3.04(b) of the Sale Agreement provides that "[o]n the Closing Date, Buyer ("USS") will deposit the Holdback with the Escrow Agent ("U.S. Bank National Association") by wire transfer of immediately available funds. The Holdback is to be paid to Sellers or Buyer in accordance with the provisions of this Agreement and the Post-Closing Escrow Agreement (Exhibit B).

23. Buyer paid the purchase price and deposited the Holdback of $3,300,000.00, equal to 10% of the Gross Purchase Price, into an escrow account.

24. On or about April 22, 2014, GFG, USS, and US Bank entered into an Escrow Agreement (Exhibit B) providing that the "Escrow Agent has agreed to accept, hold, and disburse the funds deposited with it and the earnings thereon in accordance with the terms of this Escrow Agreement.

25. Per the terms of the Escrow Agreement, USS deposited $3,300,000.00 into the US Bank escrow account. On or about February 3, 2015, USS and GFG agreed to release $2,091,115 from the escrow account to the S&S Shareholders, which left approximately $1,208,885.00 in the escrow account which, plus accrued interest, remains in the escrow account to the current time.

26. The S&S Shareholders transferred all outstanding shares of S&S to USS per the terms of the Sale Agreement.

27. USS now disputes Plaintiffs' right to the escrow funds, causing a real, justiciable controversy over the ownership and right to the $1,208,885.00 plus interest currently in the escrow account.

28. Plaintiffs performed all their duties and obligations pursuant to the Sale Agreement.

29. Any claims by USS for alleged breach of contract related to the Sale Agreement are now barred by the statute of limitations.

## COUNT I – UNJUST ENRICHMENT

30. Plaintiffs incorporate by reference the foregoing paragraphs of this

Complaint as though fully set forth herein.

31. Defendant US Bank accepted and retained the $3,300,000.00 into an escrow account and has failed to provide the remaining balance of $1,208,885.00 in the escrow account to Plaintiffs despite the terms of the Escrow Agreement.

32. Defendant has knowingly benefited by retaining these funds despite Plaintiffs' right to receive the same.

33. As a result of Defendant's unjust enrichment, Plaintiffs have been damages in an amount not less than $1,208,885.00.

## COUNT II – REQUEST FOR INJUNCTIVE RELIEF

34. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

35. The Escrow Agreement between the parties provides that the funds should be released to Plaintiffs per Joint Written Direction by the parties or, in the event of a dispute between the parties, pay into court the Escrow Funds.

36. As Defendant USS has refused to mutually agree that US Bank release the funds, Plaintiffs are left with no recourse but to request an injunction from this Court ordering Defendant USS to instruct US Bank to disburse the approximately $1,208,885.00 plus accrued interest in the Escrow Account to Plaintiffs.

37. Plaintiffs are entitled to such relief, per the terms of the Escrow Agreement and Sales Agreement.

## COUNT III- REQUEST FOR DECLARATORY RELIEF

38. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

39. The Escrow Agreement between the parties provides that the funds should be released to Plaintiffs per Joint Written Direction by the parties or, in the event of a dispute between the parties, pay into court the Escrow Funds.

40. As Defendant USS has refused to mutually agree that US Bank release the funds, Plaintiffs are left with no recourse but to request declaratory relief from

6
COMPLAINT FOR DECLARATORY JUDGMENT

this Court ordering Defendant US Bank to disburse the approximately $1,208,885.00 plus accrued interest in the Escrow Account to Plaintiffs.

41. Plaintiffs are entitled to such relief, per the terms of the Escrow Agreement and Sales Agreement.

WHEREFORE, Plaintiffs prays for judgment as follows:

1. An injunction ordering Defendant USS to instruct US Bank to release the $1,208,885.00 plus accrued interest in escrow to Plaintiffs;

2. A declaratory judgment that US Bank should release the $1,208,885.00 plus accrued interest in escrow to Plaintiffs;

3. Such other and further relief as the Court deems just and proper.

DATED: February 4, 2019     **MANNING & KASS**
                            **ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Jenifer Wallis_____
   Anthony J. Ellrod
   Jenifer Wallis
   Attorneys for Plaintiffs